## Watson *against* Hensel.

An infant may bind himself for necessaries purchased with the consent of his guardian expressed or implied, but not against his consent.

In an action brought for the use of three persons the defendant cannot set off a separate claim against each of them.

ERROR to the common pleas of *Northumberland* county.

Philip Hensel, guardian of the minor children of David Curry deceased, for the use of J. W. Curry, Robert Curry, and Rachel Curry, against Mary Watson. *Scire facias* on a mortgage to secure the payment of 500 dollars.

David Curry, among other real estate, owned at the time of his death a lot of ground in Milton. He died intestate, leaving three minor children, J. Watson Curry, Robert Curry, and Rachel Curry intermarried with Robert Montgomery. After the death of David Curry, Hansel and Chesnut, guardians of his minor children, applied for and obtained an order of the orphan's court of Northumberland county for a sale of said lot. The guardians sold it to John Hetherington, and executed to him a deed dated in January 1818, and Hetherington transferred the deed to Mary Watson, who executed the mortgage above recited for the payment of the purchase money, or the balance of it.

Susan Curry, widow of David Curry deceased, married George D. Berryman.

[Watson v. Hensel.]

Mary Watson is a sister of Susan Berryman.

The defendant, having given notice of the special matter, offered in evidence the proceedings for the sale of the house and lot mentioned in the mortgage, proof that defendant purchased it, and the amount paid before giving the mortgage. Also that George D. Berryman, husband of Susan Berryman, widow of David Curry deceased, and minor children, were in possession of the premises at the time of sale, and remained in possession until the spring of 1822. That the children at that time were minors and continued so until 1822 and afterwards; and that during said period defendant furnished said minors with necessary articles of clothing and provision. The minor children were Rachel, Watson and Robert, the oldest at that time not exceeding ten years of age.

The plaintiff objected to the evidence on the ground, that Berryman and wife were bound to support the minors; that the present defendant had no authority to support them; and that the debts were not mutual, and therefore set off was not allowable.

The court below (Lewis, President) rejected the evidence.

*Donnel,* for plaintiff in error.
*Greenough,* for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—It is very true, that an infant cannot ever bind himself for necessaries when he has a parent or guardian who supplies his wants. Guthrie *v.* Murphy, 4 *Watts* 80. But when he has authority from his guardian, either express or implied, he may purchase necessaries, or when they are supplied to him by a third person; under those circumstances, the infant is bound. Rundel *v.* Keeler, *ante* 237. From the evidence offered, an implication of consent on the part of the guardian would arise; and if so, there is nothing to prevent the defendant who supplied them with necessaries to charge them. If it should appear that the guardian supplied them, no doubt the defence would fail, but this will be matter of inquiry before the jury. We do not wish to be understood as ruling any thing more than that in this stage of the cause. In Guthrie *v.* Murphy, the contract was made against the consent of the guardian; and no rule is better settled than that under such circumstances the infant cannot be bound. A difficulty has been suggestd, that the articles furnished to each of the minors may have been of unequal value. But we need not anticipate this; and if it should be so, justice may be done by a special finding of the amount due to each. The mortgage was taken in the name of the guardian; and no interest has been paid upon it, nor has any been demanded. This would seem to show some understanding between the defendant and guardian. But the interest should be applied to the support of the children, particularly when coupled with the fact that they lived with her with the knowledge of the guardian.

[Watson v. Hensel.]

Next as to the right of set off. This is a suit in the name of the guardian for the use of the children. It is a joint demand by several plaintiffs, and certainly a separate claim by the defendant against each cannot be set off for the want of that mutuality which is absolutely essential. A set off is in the nature of a cross-suit, and it cannot be pretended that a joint suit would lie against the infants by the present defendant. On this ground, therefore, the evidence was rightly rejected.

Judgment affirmed.