## Bentz *versus* Bentz and Wife.

A note was executed by A. to B. and his wife as joint payees. They brought an action thereon in their joint names, and B. offered to set off a debt due to him by the husband. *Held*, that the offer was properly rejected.

June 17th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Cumberland county :* Of May Term 1880, No. 202.

Assumpsit by George Z. Bentz and Jane E. Bentz, his wife, in her own right, against Abner W. Bentz, on the following note:

[Bentz *v.* Bentz.]

"$3000.                         Carlisle, Pa., January 8th 1872.

" For value received I promise to pay to George Z. Bentz and Jane E. Bentz the sum of three thousand dollars, with interest from the 1st of April, A. D. 1872, at the rate of six per cent. annually, during the term of their natural lives, and after their death to their heirs, executors, administrators and assigns.

                    " (Signed)             A. W. BENTZ."

At the trial, before Herman, P. J., the defendant offered to prove " that George Z. Bentz furnished the consideration of the note in suit in this way: He was tenant of the defendant on and after January 13th 1869 of the Bentz House, in Carlisle, Pa., with the right of purchasing the same at the sum of $20,500, and as rental was to pay the interest on that sum annually, all the taxes, and for repairs necessary to keep the property in good and complete repair. This arrangement continued for several years, when the said George Z. Bentz claimed that he could not fulfil the same, and alleging that he had put $3000 in repairs upon the property, at his instance the note was given, and he continued to occupy the said property until some time in 1877. During this time the said George Z. Bentz claimed and received credit upon the rent, increased to the interest on $24,000 per annum, taxes and repairs, from and after April 1st 1872, for the interest on the said note, and thus used the interest until 1st October 1876. The defendant became liable for and paid various sums of money for the said George Z. Bentz, as specially set forth .in the bill of particulars filed and in evidence, and which to that extent is made part of this offer as if specially set out. That these amounts are far in excess of the amount of said note, and considerable portions of this indebtedness originated about the date and prior to the date of the note in suit. That the defendant was unaware of any assignment of the note in suit made to Jane E. Bentz until October 1st 1877, and in this connection the letter of Mrs. Jane E. Bentz to the defendant and his reply to her of October 1st 1877, are also offered. All this is for the purpose of defeating any recovery by the plaintiff in this case."

The plaintiffs objected, and the court rejected the offer.

The court instructed the jury: " The plaintiffs are entitled to recover from the defendant in this action the interest that was due and payable on the note at the time of the commencement of the action, and no more. You will observe that the interest is paid in full up to the 1st October 1876, and that at the time the action was commenced the only interest that was then due and payable was that which had accrued from the 1st October 1876 to the 1st April 1877, to wit, $90; and for this amount your verdict should be rendered in favor of the plaintiffs."

Verdict accordingly, and after judgment thereon defendant took

this writ, and alleged that the court erred in rejecting the above offer of evidence.

*Fleming & McCarrell* and *Graham & Graham*, for plaintiff in error.—The name of the wife inserted in the note could not affect the merits of the case. Under the circumstances existing when the note was given, the consideration being furnished by George, who was largely indebted to Abner at that time, George could not assign to his wife to the prejudice of Abner.

In equity a defendant may set off a debt due to him by one of two joint plaintiffs. In a suit against a surviving partner a debt due by the late firm may be set off. Two defendants sued jointly may set off a debt due by the plaintiff to one of them: Childerston et al. *v.* Hammon, 9 S. & R. 68; Stewart, for use, *v.* Coulter et al., 12 Id. 252.

There can be no doubt in the case in hand that the consideration of the note moved from George Z. Bentz, and that although the form of the note is joint, yet the consideration having been furnished by one of the payees, it is in fact and in substance entire. This would be the law as to a defence of counter-claim set up by the maker of the note, alleging a subsequently contracted indebtedness of the payees. But our case is stronger. Here there was an actually subsisting indebtedness of one of the payees, at the date of the making of the note and a credit given by the maker to him under the belief that one was a fair set off against the other. This credit continued until the indebtedness of this payee aggregated a sum greater than the principal of the note. These being facts reduce this cause to the ordinary case of set off where there is a credit given by one based upon an existing indebtedness to another: Taylor *v.* Root, 4 Keyes 335.

*S. Hepburn, Jr.,* and *S. Hepburn,* for defendants in error.—Defendant's liability is measured by the terms of his contract. He made a note by which he promised to pay the interest on $3000, annually, to two persons jointly during their lives, and the principal sum to their children at their death. On the breach of such an agreement the remedy follows the nature of the contract. Of necessity the joint payees became joint plaintiffs; and the defence must be to them jointly. The use for which the suit is brought affects neither the liability, nor the remedy, nor the character of the defence. A contract by one person with two jointly does not comprehend or involve a contract with either of them separately, as is evident from the well-known doctrine that a contract or promise to two, if proved in an action brought by one of them, sustains a plea which denies the existence of the contract: Wetherell *v.* Langton, 1 Ex. 644. Quoted in Dicey's Parties to Actions 104. 1 Parsons on Contracts 739; Watson *v.* Hensel, 7 Watts

[Bentz v. Bentz.]

344; Archer v. Dunn, 2 W. & S. 361. In the case at bar, the act of Abner W. Bentz created a joint interest in the plaintiffs below, no matter from whom the consideration passed. He, at least, cannot deny the right of Mrs. Bentz to be joined with her husband; and it is well settled that a joint interest in husband and wife cannot be set off by a debt due from the husband alone: 7 Wait's Actions and Defences 490; Glatzbrook v. Roagland, 8 Gratt. 332; Jamison v. Brady, 6 S. & R. 466; Dicey's Parties to Actions 185.

Mr. Justice MERCUR delivered the opinion of the court, October 4th 1880.

This alleged grievance is the denial of a set-off. The suit was on a note made by the plaintiff in error to the defendants in error as joint payees. Suit was brought in their joint names, and the set-off offered was a debt against one of them. The court rejected the offer.

As a general rule, set-off is admissible only where it is in the same right and between the same parties: Milliken & Co. v. Gardner, 1 Wright 456. To this rule there are some exceptions. Among them may be stated, when suit is brought by a surviving partner, a set-off against the late firm is allowable. So defendants sued jointly may set-off a debt due by the plaintiff to one of them: Childerson et al. v. Harmony, 9 S. & R. 68. This may be done unless there be some superior equity in a third person : Stuart et al. v. Coulter, 12 S. & R. 252. But a defendant cannot set off a debt due him by one of several plaintiffs: 1 Pars. on Cont. 739; Henderson v. Lewis, 9 S. & R. 379; Watson v. Hensel, 7 Watts 344; Archer v. Dunn, 2 W. & S. 361; Norcross v. Benton, 2 Wright 217. The fact that the defendants in error are husband and wife does not change the rule. She may hold, use and enjoy her separate property to the exclusion of her husband and of all other persons. The note was made to the defendants in error as joint payees. It did not rest on an agreement between them. The plaintiff in error agreed to so pay it to them jointly. No other creditor of the husband complains of the maker having so agreed. He does not offer to prove any fact showing he was induced through fraud or deceit to so make the note. He is in no position to gainsay the validity of his agreement. His subsequent disappointed expectations in no manner caused by her, cannot defeat her vested rights.

Judgment affirmed.