# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

MIDDLE DISTRICT—HARRISBURG, 1883.

## Pennsylvania Railroad Company *v.* Bost.

1. Where a railroad company was accustomed to receive minors into its service to work in its shops, for wages, under certain general rules and regulations, and a minor on being so received signed in duplicate an agreement to be subject to said rules for four years, the company holding one copy and the minor the other, and said employé, after arriving of age, ratified said agreement by claiming under it: *Held*, that said agreement was a valid contract, binding upon both parties, though signed by the employé alone.

2. Such contract provided that in case of absence during the said term (except occasioned by sickness) the employé should serve such additional time as would make up the time lost; and in case the company should suspend, wholly or in part, the work in the shops, the wages should be correspondingly suspended; and that ten per cent. of the wages earned should be retained as security, that the employé should complete his term of service. In an action by said employé, after he arrived of age, wherein he claimed to recover, under a narr. in the common counts, the percentage of wages retained by the company:
*Held*, that upon performance of his contract he was entitled to recover; that he was bound, however, to make up for time lost (not from sickness) when the company had full or partial work for him to do, but not for time when he was idle because the company suspended work, and wages, wholly or in part.

May 28th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county :* Of May Term 1883, No. 1.

This case was, in the court below, an appeal from the judgment of an alderman in favor of William Bost, plaintiff, against

[26]

[Pennsylvania Railroad Co. v. Bost.]

the Pennsylvania Railroad Company. A declaration was filed in the common counts. Pleas, non assumpsit, and payment with leave, &c.

On the trial, before PEARSON, P. J., the plaintiff claimed to recover the sum of $125.42, being ten per cent. of his wages for four years as an employé in the car-building shops of the defendant company, which sum said company claimed the right to retain until plaintiff should make up certain time lost during his term of service.

The plaintiff testified that he entered the company's service as car-builder apprentice on April 10th 1876, and remained until May 1st 1880, in the shops at Renovo, under the following paper, which was a printed form furnished by the P. R. R. Co., and signed in duplicate by the plaintiff only, he retaining one copy and the company the other:

Rules and regulations for minors entering into the service of the Pennsylvania Railroad, Philadelphia and Erie Railroad Division, to work in the shops of said company.

Minors employed by and under instructions in the workshops of the Pennsylvania Railroad Company shall come under and be subject to the following rules until their term of service is completed.

1. If over the age of seventeen, upon entering the service of the company, they shall serve the full term of four years; if under the age of seventeen they shall serve until they are twenty-one years of age. In case of absence during their term of service, unless such absence shall be occasioned by sickness, they shall serve such additional time as will make up for the time lost.

2. It is required of each to devote his whole time, during working hours, faithfully to his duty. Those not observing these rules will be liable to be discharged.

3. The wages agreed to be paid by the railroad company to each person so employed during his period of service shall be as follows:

For the first and second years . . Thirteen cents (13) per hour.
For the third year . . . . . Fourteen cents (14) per hour.
For the fourth year . . . . . Sixteen cents (16) per hour.
Of which amount ten per cent. will be retained as security that such employee will remain in the service of the company until the expiration of his term, at which time it will be returned to him with interest. They shall also receive, after a faithful term of service, a certificate stating the particular branch of the art he has learned, and his general conduct.

4. The right to discharge any such employee for indolence,

negligence, or bad conduct, is expressly reserved; and any one so discharged shall not be entitled to the percentage to be paid to those who faithfully discharge their duties.

5. Should the company at any time see proper to suspend, wholly or in part, the work in their shops, the wages of such employee shall be suspended wholly or in part, according to the circumstances, until the company shall give them full or partial employment.

No wages shall be paid when work is wholly suspended, and should there be a partial suspension, wages shall be paid at the rates herein fixed proportionate to the time worked.

5. Minors in the service of the company will be required to improve themselves by reading, drawing, and attending night schools when practicable, and will be liable to be discharged for misconduct at, or when absent from the workshops.

7. Should the company at any time make a general reduction of pay, such minors or employees shall be liable to a proportionate reduction of their wages.

This certifies that I, William Bost, 19 years, entered into the service of the Pennsylvania Railroad Company on the 10th day of April 1876, at Renovo Shops, as car-builder apprentice.

That I hold myself subject to the foregoing rules and regulations, and agree honestly and faithfully to discharge my duties agreeably to the same for four years.

Witness my hand at Renovo, this 19th day of April 1876.

Signed in presence of

H. S. ROBERTS.　　　　　　　WILLIAM BOST.
SAMUEL L. HAIN.

The plaintiff testified as follows:

" I went into the employ of the company 10th of April and worked over four years. Received pay from Mr. Hall, paymaster at the shop. . . . I was absent some; knocked off that time to have a little fun; did not work during riot; stopped six days and did not make up that time. Knocked off several hundred hours when there was a scarcity of labor. Laid off 132 hours in 1876 from scarcity of labor. Time when put off at half time, 253 hours or thereabouts. Quit work at the strike of 1877 for six days. Time not made up. I declined to make up any time except that lost by sickness, not for strike or because of half wages; four hundred and thirty-five (435) hours was absent; I did not make that up. Foster declined to pay because I had to make up. Company closed down the shop because strikers; company could not work, shop closed by strikers. Lost time in 1876 was from slack of work; 253 hours; no work for me. I went home because had no work for me; 435 hours lost; no work. I went home, ready to

[Pennsylvania Railroad Co. *v.* Bost.]

work; none for me. Not paid when did not work; was paid for the time, except the ten per cent. retained; the ten per cent. is of what they paid me."

The defendant presented the following points:

1. Inasmuch as the indenture expressly requires the apprentice to make up all lost time except that occasioned by sickness, and the evidence of both sides shows that the lost time was not so made up, there can be no recovery by the plaintiff.

*Answer.* We should so instruct the jury if the contract in evidence had been signed by both parties. It was only signed by one party—the plaintiff—and is therefore, as a contract, binding on neither. The plaintiff gave it in evidence, not as a contract on which he sued, but as evidence of the form of the bargain, disclaiming it as a contract. He can on equitable principles recover the $125.42, retained percentage, deducting whatever the defendant would lose by reason of the lost time by plaintiff. This was the whole which it lost through frolic, as stated, or for his amusement. The time lost through the strikers taking possession of the shop, as they were not the public enemy, nor was it the act of God, and as he stopped because only part work could be furnished and only half wages earned, and the plaintiff declined to work under such circumstances, but went home when he could have earned half wages, it might be fair to deduct half the time and no more. It was the default or misfortune of both parties. (Fourth assignment of error.)

2. The plaintiff having failed to make up the time lost during the strike, there can be no recovery in this case.

*Answer.* The answer to this point is the same as to the first point. It is substantially answered therein, and in the charge. (Fifth assignment of error.)

3. As this action is for the recovery of money alleged to be. due on a written paper, there can be no recovery on the common counts in no wise referring to it.

*Answer.* Whatever money, if any, is due can be recovered on the common counts. Plaintiff does not claim to recover on the written contract, and cannot recover on it. (Sixth assignment of error.)

The court charged, inter alia, as follows: " Had this been a contract signed by both parties we would instruct you that there could be no recovery until the lost time was made up. This is, however, an equitable action, not on the contract, and therefore the jury can settle the claim on equitable principles without enforcing any forfeiture. . . . You will judge what the company lost by reason of his not making up his lost time, and deduct that from his claim. We cannot say that it is a forfeiture

.or bar to his recovery, as the article was not properly executed." (First assignment of error.)

"There was a time when they had no work in the shop, and put the hands on half wages. The plaintiff says he could not earn his expenses at that, and went home where he could live cheaper. The company did not pay anything during that time to him. The jury will judge if that was sufficient reason, and whether it was plaintiff's fault, as defendant could not furnish labor. Whether any deduction should be made for that, and if so how much, the jury must judge. This was said to be about 253 hours." (Second assigment of error.)

"There was a suspension of labor in the shops for six days during the strike in 1877. The shops were in the hands of the rioters. No work was done, and no pay distributed. The jury must judge whether that time must be made up. . . . The jury will have to judge what would be equitable under the circumstances." (Third assignment of error.)

Verdict and judgment for the plaintiff, for $104.05. The defendant took this writ of error, assigning for error the answers to its points, and the portions of the charge above quoted.

*Hall* (*Jordan* with him), for the plaintiff in error.—Although the paper in evidence was not, strictly, an indenture of apprenticeship, both parties accept it as evidencing the contract, and the only question in the court below and here is its construction. It provides that plaintiff should serve "the full term of four years;" he is paid by the hour, and in case he loses time, except for sickness, he is to make it up after the end of four years. Plaintiff admitted loss of time, not occasioned by sickness, from three causes : (1) to have a little fun ; (2) from scarcity of work, and when "put off at half time ;" (3) because during the general strike the shops were closed. The partial suspension, for want of work, was expressly provided for by the rules ; the plaintiff was bound to work during a partial suspension, or make up that time ; he was bound to make up the time lost for "fun." The court below should have construed the contract, instead of charging that not having been executed by the defendant it was invalid as a contract, and leaving the whole evidence to the jury to find what they saw fit under the common counts.

*George Kunkel*, for the defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, October 1st 1883.

[Pennsylvania Railroad Co. v. Bost.]

Both parties agree that the only question in the court below and in this court is, what is the meaning of the paper signed by William Bost, the plaintiff, on April 19th 1876. At that time the plaintiff was a minor, but he ratified the contract after his majority and claims under it. The defendant had adopted rules and regulations for minors entering into its service, to work in its shops, and upon acceptance of a person under those rules, they became a law unto the parties. Where, as here, duplicate copies are signed by the employee, he retains one and the employer the other, prima facie the paper is their contract. As the case stood, it was error to rule that the instrument was not binding on either party because it was not signed by the defendant. An oral contract in the same terms would have been binding; when reduced to writing and delivered as the contract, being a proposition held out by one party and accepted over the signature of the other, it binds both.

The plaintiff agreed to serve the full term of four years; and in case of absence during his term of service, unless such absence shall be occasioned by sickness, to serve such additional time as will make up for the time lost. He was to devote his whole time, during working hours, to his duty. Thus provide the first and second rules. Rule five stipulates that should the company at any time suspend, wholly or in part, the work in their shops, the wages of the employee shall be suspended accordingly; no wages shall be paid when the work is wholly suspended, and when partially suspended the wages shall be for the time worked.

On behalf of the plaintiff it is said: " The fair and reasonable construction of the contract would require Bost to account only for the time during which he was absent from work, and because of which absence the company lost his services." This is the true view; by itself rule one admits of no other construction. The letter and spirit of rule five permit the company to judge when to wholly or partially suspend work, and restrict the right of the employee to wages for the time he works. Another rule fixes the rate of wages per hour. Though ready and willing to work, the employee when not furnished with work, is bound to lose his time; he shall receive no wages when idle because of the action of the company. It would seem severe enough to compel him to be idle and lose his time, and nothing but a plain agreement should bind him for the additional burden of making up such time. Notwithstanding the able and ingenious argument on part of the defendant, we think that in case of total or partial suspension of work, the employee shall not lose more than his time—that he is not bound to make it up after the period of service has ended.

But the plaintiff was bound to devote his whole time during

[Pennsylvania Railroad Co. *v.* Bost.]

working hours, and to work such time as was allotted within said hours, when the work was partially suspended. His time within such hours belonged to his employer, and if he was absent for his own purposes when there was work for him, he is bound to make up the loss, unless it was by reason of sickness. The second assignment of error is sustained. The jury ought to have been instructed that if the plaintiff refused to work on half time during the partial suspension, such refusal was a violation of his contract, and he was bound to make up such time before he could recover the money held as security for the performance of his contract. There is nothing in that part of the charge set out in the third assignment of which the defendant can complain—we have already said that when there was total suspension there could be no loss of time which the plaintiff was bound to make up.

The contract is for the employment of a minor to serve under instructions in the workshops of the company. Both parties are interested in the advancement he shall make in the art or trade he is learning; and it is contemplated that one shall endeavor to learn, and the other to teach. Wages are increased the third and fourth years. The teaching and opportunity to learn in the employer's workshops have a value beyond the stipulated wages by the hour, and hence the agreement for making up lost time. Places for young men in these shops are desirable, and it is noteworthy that though a vast number are employed in the shops of the railroad companies of the state, very little litigation has grown out of the relation. An incentive to steady service is valuable to the employee as well as to the employer. The security for the employee's faithful performance, being ten per centum of his wages to be retained until completion of his service, and then to be paid with interest, is reasonable and has no savor of hardship. It is an inducement to honest and steady service, and the money, with interest, is due the moment the whole service is completed, and not before.

In answer to the defendant's first point, the learned judge of the Common Pleas said that if the parties were bound by the contract, he would instruct the jury that if the plaintiff lost time, not occasioned by sickness, which he failed to make up, he could not recover. This point assumes that the plaintiff's evidence shows the time was not made up, and if there was any doubt of that, the fact was for the jury, and the point as made could not have been affirmed. The remarks of the court set out in the first and fourth assignments were based on the opinion that the contract was void, and need not be farther noted.

The fifth assignment is not sustained. Nor is the sixth; if

[Wenger v. Raymond.]

the plaintiff had performed his contract before commencement of the action he may recover on the common counts.

Judgment reversed, and venire facias de novo awarded.