# Behney *v.* R. Stoever Foundry Company, Appellant.

*Contract—Employment of minor—Wages—Loss of time—Apprenticeship.*

An owner of a foundry entered into a contract with the father of a minor by which the minor was to be employed in the foundry for the term of three years at stated wages. It was a rule of the foundry that minors accepted to learn the trade were not to be considered as indentured, but were to be under the control of their parents or guardians before and after working hours, their monthly wages to be in lieu of board and clothing. It was provided in the contract that apprentices at the expiration of the three years must "work out in addition the time they have lost during their apprenticeship." As security for the faithful performance of his duties by the apprentice, 'it was provided that the preceding six months of his pay should be withheld, to be forfeited if he left the establishment before his time had expired. The minor was absent during a considerable portion of his term, a part of the absence being occasioned by sickness. *Held,* that the minor was bound to make up the time during which he was sick, and that if he failed to do so a deduction could be made from the wages retained.

Argued Oct. 26, 1905. Appeal, No. 186, Oct. T., 1905, by defendant, from judgment of C. P. Lebanon Co., Sept. T., 1903, No. 111, on verdict for plaintiff in case of Jerome Behney v. R. Stoever Foundry Co. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for minor's wages. Before EHRGOOD, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $44.76. Defendant appealed.

626 BEHNEY *v.* STOEVER FOUNDRY CO., Appellant.

Assignment of Error—Opinion of the Court. [30 Pa. Superior Ct.

*Error assigned* was in refusing binding instructions for defendant.

*Grant Weidman,* for appellant.

*Robert L. Adams,* with him *J. G. Adams,* for appellee.

OPINION BY HENDERSON, J., March 12, 1906 :

The appellant accepted the plaintiff's minor son to work in its shops according to certain rules and regulations which were signed by the parties as the agreement between them. The contract does not create an apprenticeship at common law or under our statute. There was no binding by indenture to service as an apprentice and this is necessary to create that relation : Reeves' Domestic Relations, 484; Phelps v. Railway Co., 99 Pa. 108. It is provided, moreover, in the rules and regulations referred to that minors accepted to learn the trade are not to be considered as indentured but are to be under the control of their parents or guardians before and after working hours, their monthly wages to be in lieu of board and clothing. The term " apprentice " in the agreement is, therefore, to be understood in its popular sense as descriptive of one who is learning a mechanical art. The action is for wages of a minor son alleged to be due to the plaintiff. It is provided in the contract that working hours for apprentices shall be ten per day and the full term of apprenticeship three years. There is the further provision that all apprentices must, at the expiration of the three years, " work out in addition the time they have lost during their apprenticeship." As security for the faithful performance of his duty by the apprentice it is provided that the preceding six months of his pay shall be withheld, to be forfeited if he leave the establishment before his time has expired. The plaintiff's son was absent from his employment a considerable portion of the term for which he was engaged, a part of which absence was occasioned by sickness. The learned trial judge instructed the jury that the contract did not require that the son make up the time during which he was sick and of this instruction the appellant complains. The case turns, therefore, on the interpretation to be given the requirement of the contract that the full term of three years shall be spent in the service,

at the expiration of which the apprentice shall work out in addition the time he lost. The consideration rendered by the defendant was not simply the amount to be paid the father for the service of his son, but also the opportunity afforded to learn a useful trade under competent instruction. The plaintiff undertook that his son should apply himself diligently in acquiring the art and the defendant, that it would afford him the necessary opportunity. It was in mutual contemplation that three full years were necessary to the acquisition of the required skill, and the steadily increasing ability of the apprentice would have a larger value to the employer from year to year. It was the interest as well as the prerogative of the employer to insist that the working days of three years should constitute the time of the son's service and this accounts for the provision for lost time. The presence of inexperienced boys in the works would cause more or less loss to the employer and call for greater care and attention on the part of the foremen and skilled employees and it cannot be said to be an unreasonable condition of the contract that the apprentice should make up at the end of the three years the time during which he was not at work before the expiration of the period contracted for. That the time during which the son was sick was "lost" to the defendant, is quite evident. It was unused, unenjoyed, unemployed, missed time. It was time as completely lost, so far as the interests of the defendant or the increased skill of the apprentice were concerned as if the absence had been intentional and voluntary. The defendant had a right to the consideration which the plaintiff was to give, to wit: the service of the son for the working days of three years, and to insist that three years should be spent in acquiring the instruction which it undertook to give. This we think is expressly provided for in the contract. The plaintiff was sui juris, the subject of the contract is not forbidden by public policy, its consideration was valuable and no sufficient reason has been presented to us why it should not be enforced according to its terms. The case which seems to have influenced the action of the trial judge, Caden v. Farwell, 98 Mass. 137, is distinguishable from the one we are now considering. That was a case on an indenture of apprenticeship made directly with the minor. It was provided in the deed that the apprentice should faithfully serve his masters and give them his whole

time and labor for three years, at the expiration of which he would become of age. There was no provision for making up lost time, nor for abatement of the wages which he was to receive during his apprenticeship. The apprentice died during his term of service after having been sick a few weeks. The action was by the father to recover wages including the period of his son's illness. It could properly be held on such a state of facts that the parties took notice of the contingency of sickness or death and that the employer assumed any loss which might result from inability to work, resulting from a visitation of Providence. In Penna. R. R. Co. v. Bost, 104 Pa. 26, the contract which was with a minor expressly relieved him from making up lost time occasioned by sickness. Here, however, the parties contracted that the full period should be made up. The plaintiff was entitled to the wages of his minor son; he agreed to the conditions under which they should be payable and it is not a hardship to him to require him to comply with his contract. The amount sued for would become due if the term of service were completed. The defendant has not bound itself to perform except according to the contract and it is not in default as to the time not made up.

The judgment is reversed and a venire facias de novo awarded.