## Ellis v. Johnson et al.

*D. B. Asburn*, for plaintiff.

*S. Kagle*, for defendants.

FENERTY, J., May 28, 1947.—This is a petition for a declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, its amendments and supplements. Respondents filed an answer. The parties elected to have the court decide the case upon the averments of the petition and the answer.

The Uniform Declaratory Judgments Act, as amended by the Act of May 26, 1943, P. L. 645, sec. 1, 12 PS §836, provides that:

"Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; *but the mere fact that an actual or threatened controversy is susceptible of relief through a general common-law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present* . . ." (Italics supplied).

In the case of Melnick v. Melnick et al., 147 Pa. Superior Ct. 564, 571, the word "may" as used above was held to be the same as "shall"; and, it was further held that when any one of the essentials mentioned in the act was present and the court was satisfied that a declaratory judgment would terminate the uncertainty or controversy giving rise to the proceedings, jurisdiction is established.

From the petition and answer it appears that plaintiff, David Ellis, and Levis Johnson, one of defendants, father of Clarence Johnson, the other defendant, a minor who was 17 years of age at the time, entered

into a written agreement on September 26, 1945, in which it was stipulated, inter alia, that Ellis was to be the manager of the minor who, at the time was an amateur pugilist, later becoming a professional; that the minor, until he reached the age of 21 years, was to render services exclusively for Ellis in boxing contests, exhibits of boxing, training exercises, whenever required by Ellis in Pennsylvania or elsewhere; and that in return the minor was to receive a certain percentage of the amounts collected by Ellis, after the deduction of expenses but with a guarantee of at least $100 per year. The contract was not signed by the minor, personally, but was later ratified by him, by working thereunder and accepting the benefits thereof. The minor worked under the contract until December 16, 1946, at which time he repudiated the contract and refused further to be bound thereby.

Plaintiff requests that we enter a declaratory judgment that the contract is legal and binding upon the parties at the present time; that, under its terms, he is entitled to the sole and exclusive services of the minor until the minor arrives at the age of 21 years; that we order the minor to obey the commands of his father, Levis Johnson; that we enjoin the minor, until he is 21 years of age, from engaging in any services of the character mentioned in the agreement without permission of plaintiff; and that we enjoin Levis Johnson, during the same period, from consenting to the performance of any such services by the minor without permission of plaintiff.

In Pennsylvania neither the parent nor the minor has ever had the power to bind the minor, absolutely, to the services of a stranger, except by a strict adherence to the Apprenticeship Acts which, however, have been repealed by the Act of May 11, 1927, except in a few instances not material here: Respublica v. Keppele, 2 Dallas 197; Phelps v. Pittsburgh, Cincinnati and St. Louis Railway Co., 99 Pa. 108. It is settled law

in Pennsylvania that all contracts with minors are voidable at the option of the minor. In Wharen et ux. v. Funk et ux., 152 Pa. Superior Ct. 133, 136, it is said that "infants may avoid their contracts because it is the policy of the law to protect them against their own mistakes, even though this may sometimes result in hardship to others". While it may be true that after a minor's contract for services has been fully executed, equity would restrain him from violating an agreement not to compete with his employer for a certain time after leaving his employ (Harbison v. Mawhinney, 8 Dist. R. 697), it will not enforce an infant's contract for personal services by injunction restraining him from rendering similar services to others: Bradley v. Cool et al., 18 D. & C. 404. See also Cain v. Garner et al., 169 Ky. 633, 639, 185 S. W. 122, 125, L. R. A. 1916 E, 682, 686, wherein it is stated:

"It may be conceded that a parent is entitled to his child's services, and that the child owes obedience to the parent; but it will hardly be contended that a parent could come into a court of equity and successfully ask for an injunction to prevent his son from working for someone else. And, if a court would not grant such relief to a parent, it certainly would not grant it to a third person to whom the parent had attempted to transfer the right to the son's services."

The case of Bradley v. Cool, supra, on its facts, is very close to the case at bar. In that case the minor signed the contract. In the case at bar he ratified it. But, as stated in the Bradley case, at page 408: "the ratification during infancy is voidable as well as the contract".

### Findings of fact

1. Plaintiff was on September 26, 1945, and has since continued to be, a duly licensed and registered fight manager in Pennsylvania.

2. Defendant, Clarence Johnson, is a professional boxer.

3. Defendant, Levis Johnson, is the father of Clarence Johnson.

4. On September 26, 1945, defendant, Levis Johnson, on behalf of defendant, Clarence Johnson, entered into a written agreement with plaintiff, David Ellis, in which it was agreed that from the date of the contract until Clarence Johnson should attain the age of 21 years, the said Clarence Johnson would render boxing services solely and exclusively for plaintiff, David Ellis.

5. Defendant, Clarence Johnson, ratified the said contract by performing services thereunder and accepting benefits therefrom.

6. Defendant, Clarence Johnson, was born June 5, 1928, and, at the time of the execution of the contract, and the subsequent ratification, was a minor.

7. On December 16, 1946, defendant, Clarence Johnson, disaffirmed all obligations and responsibilities resulting from the contract of September 26, 1945.

### Conclusions of law

1. The written agreement of September 26, 1945, was a contract of employment and, therefore, voidable by Clarence Johnson because of his minority.

2. When Clarence Johnson disaffirmed and terminated his obligations under the contract on December 16, 1946, all rights and privileges of plaintiff thereunder terminated.

3. The court has jurisdiction of the persons and the subject matter under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of May 26, 1943, P. L. 645.

### Declaratory judgment

And now, to wit, May 28, 1947, this cause having come on and having been heard, it is ordered, adjudged and decreed that the written agreement of September

26, 1945, between defendant, Levis Johnson, acting on behalf of his son, Clarence Johnson, a minor, subsequently ratified by the said Clarence Johnson, a minor, and plaintiff, David Ellis (Exhibit "A" of the petition which is incorporated herein by reference), terminated on December 16, 1946, and, since that time, plaintiff, David Ellis, is not entitled to any rights or privileges thereunder.

Plaintiff, David Ellis, is to pay all costs of these proceedings.

The prothonotary shall enter this decree nisi and give notice thereof to the parties or their counsel of record. If no exceptions be filed within 10 days thereafter, the decree nisi shall be entered as the final decree by the prothonotary as of course.