## Ellis v. Johnson et al.

*D. B. Asbury*, for plaintiff.

*S. Kagle*, for defendants.

SMITH, P. J., August 7, 1947.—This matter comes before us on exceptions to an adjudication by Fenerty, J.

Plaintiff filed a petition for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS

§831, and its amendments. Defendant filed an answer thereto. The parties to the litigation agreed that the court should decide the case upon the averments of the petition and answer.

The pleadings show that David Ellis, also known as Dave Ellis, and Levis Johnson, on September 26, 1945, agreed in writing that Clarence Johnson, son of Levis Johnson, then a minor 17 years of age, should give his exclusive services as a prizefighter to the said David Ellis for a period of four years from the date of the agreement, and that the said David Ellis should pay to the said minor 66⅔ percent of the net amount received for his services as a fighter during that period of time. The said Clarence Johnson served under the management of the said David Ellis as a prizefighter until December 16, 1946, at which time the said minor repudiated the said agreement in writing, and refused further to be bound thereby. Plaintiff asks for a declaratory judgment against the said minor and his father, declaring that the contract is legal and binding on both defendants and that the said minor be enjoined until he is 21 years of age from engaging in any services as a professional boxer for any one else.

Since this case is tried on the pleadings, we must consider specific averments presented in the answer and which being undenied by plaintiff, must be accepted as true. In paragraph two of the answer it is averred:

"2. Admitted. For further defense defendant, Levis Johnson, avers that he was induced to sign the agreement, referred to as Exhibit "A", by reason of a false and untrue representation on the part of plaintiff to the effect that John A. Brown, a licensed fight trainer, was satisfied with and was desirous of having plaintiff become minor defendant's fight manager."

The sole question therefore is one of law under the pleadings, and the chancellor correctly answered that by stating the law to be as follows:

"In Pennsylvania neither the parent nor the minor has ever had the power to bind the minor, absolutely, to the services of a stranger, except by a strict adherence to the Apprenticeship Acts which, however, have been repealed by the Act of May 11, 1927, except in a few instances not material here: Respublica v. Keppele, 2 Dallas 197; Phelps v. Pittsburgh, Cincinnati and St. Louis Ry. Co., 99 Pa. 108. It is settled law in Pennsylvania that all contracts with minors are voidable at the option of the minor. In Wharen et ux. v. Funk et ux., 152 Pa. Superior Ct. 133, 136, it is said that 'infants may avoid their contracts because it is policy of the law to protect them against their own mistakes, even though this may sometimes result in hardship to others'. While it may be true that after a minor's contract for services has been fully executed, equity would restrain him from violating an agreement not to compete with his employer for a certain time after leaving his employ (Harbison v. Mawhinney, 8 D. R. 697), it will not enforce an infant's contract for personal services by injunction restraining him from rendering similar services to others: Bradley v. Cool et al., 18 D. & C. 404. See also Cain v. Garner, Ky. 185 S. W. 122, L. R. A. 1916 E, 682, 686, wherein it is stated: 'It may be conceded that a parent is entitled to his child's services, and that the child owes obedience to the parent; but it will hardly be contended that a parent could come into a court of equity and successfully ask for an injunction to prevent his son from working for someone else And, if a court would not grant such relief to a parent, it certainly would not grant it to a third person to whom the parent had attempted to transfer the right to the son's services.'

"The case of Bradley v. Cool, supra, on its facts, is very close to the case at bar. In that case the minor signed the contract. In the case at bar he ratified it.

But, as stated in the Bradley case, at page 408, 'the ratification during infancy is voidable as well as the contract'."

### Order

And now, to wit, August 7, 1947, the exceptions of plaintiff to the findings of fact, conclusions of law, and decree of the chancellor, are dismissed.