Budd, Appellant, v. Finley, et al.

*Equitable ejectment — Conclusiveness of judgment — Sheriff's vendee—Agreement to convey.*

An action of ejectment to recover possession of real estate purchased by defendant at sheriff's sale under an agreement in writing under seal to reconvey on payment of indebtedness, is an equitable action and one verdict and judgment are conclusive.

Argued Oct. 3, 1892. Appeal, No. 152, Oct. T., 1891, by plaintiff, John F. Budd, from judgment of C. P. Westmoreland Co., Aug. T., 1890, No. 84, for defendants, Nehemiah Finley and Henry Croushore, on case-stated. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Case-stated in ejectment to determine whether a former action, between the same parties for the same land and on the same title, was an equitable ejectment and a bar to the present action.

The facts appear by the opinion of the court below. The agreement of Nehemiah Finley, under seal, therein referred to, is as follows:

" Whereas, John F. Budd has this day given me three judgment notes, amounting in all to the sum of $3,417.47, with interest as stated in same, for money procured for him from Henry Croushore, and for which I am personally and solely liable: Now, I agree, that if the real estate of said John is sold at sheriff sale to me as the purchaser, that I will reconvey to him said real estate whenever he repays me his indebtedness to me, or what I have to pay the sheriff for same. In addition to the above judg'ts he owes me $420 or thereabout—exact am't not known to-day. If the property, (his farm) is bid up over the judg'ts and I buy it, he is to rec't to the sheriff for the excess coming to him, and give me a mortgage and bonds for my claims, payable $600 a year till all is paid."

Plaintiff's abstract of title, made part of the case-stated, averred that defendant Croushore had knowledge of plaintiff's equity of redemption.

The court below entered judgment for defendants in the following opinion by Doty, P. J.:

" The defendants, under the admitted facts, hold the legal title to the land in dispute. The title was vested in the present plaintiff in August, 1878. The defendant, Finley, was a judgment creditor of John F. Budd. Execution issued on the judgment; the land was sold and a sheriff's deed, dated 11th November, 1878, conveyed the right, title and interest of John F. Budd to Nehemiah Finley, who, by deed 13th April, 1880, granted and conveyed the same premises to Henry Croushore, the other defendant herein.

" The plaintiff rests his right to recover upon an agreement in writing, under date 31st August, 1878, between himself and Nehemiah Finley, in which Finley agrees, in the event of becoming the purchaser at the sheriff's sale, to reconvey to Budd, on the repayment of his indebtedness, or the amount paid for the property at the sheriff's sale. This paper on its

face does not purport to be a conveyance of the title. It is simply an agreement to convey on the performance of certain conditions. It may constitute Nehemiah Finley a trustee, as alleged by the defendants, or convert the deed, which is absolute in its terms, into a mortgage, as contended for by the plaintiff. But, in any aspect of the case, as we view it, the plaintiff's claim is an equitable one, and his right to recover rests upon an equitable title. Under the written agreement, he claims as a mortgagor seeking to enforce an equity of redemption. The following language of STRONG, J., in Todd v. Campbell, 32 Pa. 251, would seem to apply to the facts of this case, viz.: ' Their whole case is an equitable one. They claim as mortgagors seeking to redeem. Their action, therefore, though in form an ejectment, is in substance a bill in equity, brought . . . . to compel a reconveyance of the land. The principles of adjudication, applicable to the latter form of proceeding, must equally control in this ejectment.'

" If the sheriff's deed is to be construed as a mortgage, it appears evident from Saunders v. Gould, 134 Pa. 445, and other cases cited, that such construction rests altogether upon equitable principles. The court sits as a chancellor ; the testimony is admitted under the rules of equity practice, nor is it permitted to refer such a matter to a jury, unless the evidence is such as would justify a decree.

" We are therefore convinced that the former action was an equitable action of ejectment, and we are also of the opinion that the verdict and judgment therein are conclusive between the parties to this suit. Since Peterman v. Huling, 31 Pa. 432, a judgment in ejectment upon any equitable title is conclusive between the parties, and a bar to any subsequent ejectment for the same land. That case reviews the legislation and the authorities bearing upon this question, and the question is no longer an open one."

*Errors assigned* specified the action of the court in holding (1) this action an equitable ejectment, (2) the prior action a bar, and (3) in entering judgment for defendants.

*J. M. Peoples*, *D. S. Atkinson* with him, for appellants.— A deed with separate defeasance constitutes a mortgage : Heister v. Maderia, 3 W. & S. 384 ; Houser v. Lamont, 55 Pa. 316 ;

Sweetzer's Ap., 71 Pa. 273 ; Corpman v. Baccastow, 84 Pa. 363 ; Fredericks v. Corcoran, 100 Pa. 413 ; Huoncker v. Merkey, 102 Pa. 466 ; Logue's Ap., 104 Pa. 136 ; Gaines v. Brockerhoff, 26 W. N. 258 ; Saunders v. Gould, 134 Pa. 251 ; Boyd v. Taylor, 37 Leg. Int. 424 ; Kimmel v. Smith, 117 Pa. 183. In Pennsylvania the interest of a mortgagor is the full, legal and equitable title, encumbered only by the mortgage debt: Poor Directors v. Royer, 43 Pa. 151 ; Woods v. Wallace, 22 Pa. 171. Ejectment lies : Fluck v. Replogle, 13 Pa. 405 ; Bower v. Fenn, 90 Pa. 359 ; and one action is not conclusive : Brown v. Nickle, 6 Pa. 390 ; cited with approval in Hersey v. Turbett, 27 Pa. 428 ; and Hill v. Oliphant, 41 Pa. 375.

*James S. Morehead* and *John B. Head*, not heard, for appellees, cited, Reitenbaugh v. Ludwick, 31 Pa. 131 ; Todd v. Campbell, 32 Pa. 250 ; Odenbaugh v. Bradford, 67 Pa. 96 ; Soper v. Guernsey, 71 Pa. 219 ; Burger v. Dankel, 100 Pa. 113 ; Nicholls v. McDonald, 101 Pa. 514 ; Saunders v. Gould, 134 Pa. 445.

PER CURIAM, November 7, 1892.

This judgment is affirmed upon the opinion of the learned judge of the court below.