William J. Galbraith and Andrew Galbraith, Appellants, *v.* James Galbraith and Mary J. Galbraith.

*Trust and trustees—Resulting trust—Responsive answer—Sufficiency of evidence.*

If a person purchases an estate with his own money, and the deed is taken in the name of another, a trust of the land results, by presumption or implication of law and without any agreement, to him who advances the money. Such trusts are not within the statute of frauds, and may be established by parol. To establish such a trust nothing more is necessary than to prove that the land was paid for with the cestui que trust's money.

The answer of a defendant to any matter stated in a bill, and responsive to it, is conclusive evidence in his favor unless it is overcome by satisfactory evidence of two opposing witnesses, or of one witness corroborated by other circumstances and facts which give it greater weight than the answer, or which are equivalent in weight to a second witness.

In a bill in equity filed to enforce a resulting trust the complainants averred that certain real estate had been bought at sheriff's sale and paid

for with their money, and that, without their knowledge or consent, the title was taken in the name of M., one of the defendants, who had paid no part of the purchase money. The averment that M. paid no part of the purchase money was undenied.. An attorney at law testified that he represented complainants who were creditors of the execution defendant; that he had bought the land at sheriff's sale, and paid for it with moneys of the complainants. His testimony was corroborated by checks, receipts and the record of the case. He further testified that he caused the deed to be made to M. on the assumption that there was an understanding among the creditors that the title was to be taken in her name and the business conducted by her husband for the benefit of the creditors. *Held*, that the evidence was sufficient to sustain a resulting trust in favor of the complainants.

Argued Jan. 13, 1899. Appeal, No. 138, Jan. T., 1898, by plaintiffs, from decree of C. P. No. 3, Phila. Co., March T., 1896, No. 1266, on bill in equity. Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity to establish a resulting trust. Before FINLETTER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing the bill.

*Robert Alexander*, of *Alexander & Magill*, with him *Wm. A. Nichols*, for appellants.—" A resulting trust properly so called," says GIBSON, J., in Wallace v. Duffield, 2 S. & R. 528, "arises where the purchaser of land pays the purchase money but takes the conveyance in another person's name."

Nothing more is necessary than to prove that the land was paid for with a cestui que trust's money: Lynch v. Cox, 23 Pa. 265; Rowleys's App., 115 Pa. 150.

*Richard P. White*, with him *Joseph H. Taulane*, for appellees.—Corroborating circumstances must be equivalent to another witness, and must be proved independently of the one witness called. They must be admissible in themselves, without explanation from the party called: Vigel v. Hopp, 104 U. S. 441; Peeler v. Lathrop, 2 U. S. App. 40; Campbell v. Patterson, 95 Pa. 447; Nulton's App., 103 Pa. 286; Beeme v. Randall, 23 Ala. 514.

Taking the most favorable view of the evidence, it is not clear, full, convincing and indubitable: Earnest's App., 106 Pa. 310; McGinity v. McGinity, 63 Pa. 38; Maxwell Land-Grant Case, 121 U. S. 325; Buchanan v. Streeper, 15 Phila. 309.

OPINION BY Mr. JUSTICE FELL, March 13, 1899:

The averments of the bill intended to establish a trust in favor of the appellants were that at a sheriff's sale of the real estate of James Galbraith certain properties were purchased for them and other judgment creditors by their attorney, George E. Schlegelmilch, and paid for by him with their money; that without their consent or knowledge the title was taken in the name of Mary J. Galbraith, one of the defendants in the bill, and the wife of James Galbraith; that she had refused to execute a declaration of trust, and claimed to hold the property as her own.

Mary J. Galbraith died before filing an answer, and the trustees of her estate were made parties. At the hearing Mr. Schlegelmilch testified in substance that as attorney for the judgment creditors he bought the property at sheriff's sale for them and paid for it wholly with their money; that he caused the deed to be made to Mary J. Galbraith, whom he did not represent, and whom he had not seen in relation to the matter, on the assumption that there was an understanding among the creditors whom he represented that the title was to be taken in her name, and the business conducted by her husband for the benefit of the creditors.

The appellants did not seek to set up an express trust, but one arising by implication of law from the payment of the purchase money at the time of the conveyance.   Proof of the payment of the purchase money by the appellants would give rise to a resulting trust in their favor, and trusts of this nature are expressly excepted out of the statute of frauds, and may be established by parol: Bispham's Equity, 118–20; Lynch v. Cox, 23 Pa. 265; Edwards v. Edwards, 39 Pa. 369; Lingenfelter v. Ritchey, 58 Pa. 485.   In the notes to Dyer v. Dyer, 1 Lead. Cas. in Eq. 333, the general doctrine is thus stated: "It is well settled in this country, as it is in England, that if a person purchases an estate with his own money, and the deed is taken in the name of another, the trust of the land results, by presumption or implication of law, and without any agreement, to him

who advances the money, and the case is the same where the contract of purchase is made by the cestui que trust personally, or where it is made by the nominal grantee as his agent; such trusts are not within the statute of frauds, and may be established by parol, notwithstanding the deed acknowledges the consideration to have been paid by the nominal grantee." And it is said that the exception which withdraws trusts arising by implication of law from the operation of the statute extends far enough to embrace every trust growing out of a breach of duty, aside from contract.

It is true that a mere refusal to perform a parol agreement to hold or convey lands is not sufficient to create a trust, but that is not this case. The appellants' equity arose from the fact of their payment of the purchase money, and if they established that by satisfactory evidence they were entitled to a decree in their favor. The answer of a defendant to any matter stated in a bill, and responsive to it, is conclusive evidence in his favor unless it is overcome by satisfactory evidence of two opposing witnesses, or of one witness corroborated by other circumstances and facts which give it greater weight than the answer, or which are equivalent in weight to a second witness: Burke's Appeal, 99 Pa. 350. In applying this rule it should be borne in mind in this case that the essential fact which the appellants were bound to establish was the payment of the purchase money. If they proved this they established the trust. In speaking of the evidence sufficient to establish a resulting trust it was said by BLACK, C. J., in Lynch v. Cox, supra : " It is well settled that nothing more is necessary than to prove that the land was paid for with the cestui que trust's money. This naked fact is enough to make out a prima facie case. . . . One who takes a deed in his own name for land paid for by another is a trustee by force and operation of law; not because he agrees to hold for the other party, but because he cannot hold for his own use without violating good faith and honesty. The trust results from, and the obligation to execute it is imposed by, not his will, but the nature of the transaction."

Mr. Schlegelmilch testified in the most distinct and positive manner to the fact of payment, and that the money with which he paid was the money of the appellants and other execution creditors. He explained how the money came into his posses-

sion. He had represented the creditors in effecting a sale on their judgments of the personal property of James Galbraith, and had received from the sheriff the proceeds of the sale and had deposited them to his credit in a trust company. When the real estate was sold he drew a check on the trust company for the purchase money and delivered it to the sheriff in payment. The check drawn by him, indorsed by the sheriff and bearing the marks which showed its payment by the trust company, was produced, as were also the return of the sheriff of the sale of the personal property, the receipt given to him by Mr. Schlegelmilch for the amount realized, the præcipes, writs and records which showed that Mr. Schlegelmilch had acted throughout as attorney for the creditors and as such had received the money. These writings and records produced and offered in evidence strongly corroborated Mr. Schlegelmilch's assertion that he had paid for the property with his clients' money. The documentary evidence confirmed every statement made by him as to the ownership of the money, the receipt of it by him and the use to which it was applied. It was distinct and independent evidence upon the vital question of the payment of the purchase money. Moreover, the answer on this subject is not fully responsive. In the fourth paragraph of the bill it is stated : "Mary J. Galbraith did not pay the purchase money of $200 at said sheriff's sale, or any part thereof, but the money so paid belonged to the complainants and other judgment creditors hereinbefore mentioned." In the amendment to the third paragraph of the bill it is stated that Mr. Schlegelmilch was empowered to act for the judgment creditors and to exercise his professional judgment in their interest in relation to the sheriff's sale, and that in pursuance of his duty he attended the sale and bought the property for them, and "that the purchase money for the said real estate was with the consent of your orators paid by the said Geo. E. Schlegelmilch out of the money in his hands belonging to your orators and other judgment creditors," etc.

The denial in the fifth paragraph of the answer is a denial, not that the creditors' money was paid, but that it was paid with their consent ; and that in the ninth paragraph seems to make a distinction between the payment made at the time of the sale and the payment of the balance of the purchase money, and also between the individual ownership of any part of the fund

and an interest only in a fund in which all the creditors were jointly interested. The averment that Mary J. Galbraith paid no part of the purchase money is undenied.

The assignments of error are sustained, the decree is reversed and the bill reinstated; and it is directed that the record be remitted to the court of common pleas for further proceedings in accordance with this opinion.