Lukens, Appellant, *v.* Wharton Avenue
Baptist Church.

(1)

Argued January 21, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Charles D. McAvoy,* for appellant.—Plaintiff was an innocent purchaser for value without notice of the alleged trust: Rochester Trust Co. v. White, 243 Pa. 469; Levy v. Hershberger, 249 Pa. 504.

The evidence was insufficient to establish a resulting trust in favor of defendants: Silliman v. Haas, 151 Pa.

52; Jourdan v. Andrews, 258 Pa. 347; Dorr v. Leippe, 286 Pa. 17; McCloskey v. McCloskey, 205 Pa. 491.

*John Hemphill,* with him *W. A. Roseborough, Maxwell Strawbridge* and *Harry J. Alker, Jr.,* for appellee. —When Scott loaned the money to buy the lots and erect the church under an agreement whereby the church was bound to return the money thus loaned, a resulting trust arose in favor of the church: 26 R. C. L. 1222; Howe v. Bates, 21 Pa. C. C. 570.

At the time Scott took title to the property and the building was erected thereon he was an officer and trustee of the church and acted as financial agent of the congregation and took the legal title subject to the beneficial interest of the church: Schrager v. Cool, 221 Pa. 622.

The evidence produced by defendant satisfied the requirement that evidence to prove a trust to modify a written instrument must be clear, precise and indubitable: Spencer v. Colt, 89 Pa. 314; Jermyn v. McClure, 195 Pa. 245; Robinson v. Powell, 210 Pa. 232; Paxson's Est., 225 Pa. 204; Ott v. Oyer's Exr., 106 Pa. 6; Boyertown Nat. Bank v. Hartman, 147 Pa. 558.

There was no error in the submission of the evidence to the jury and in the light of its verdict it is clear that Scott was a trustee for defendant: Schrager v. Cool, 221 Pa. 622.

OPINION BY MR. JUSTICE SIMPSON, February 11, 1929:

In this action of ejectment, both parties derive title through John Scott; plaintiff by a deed in fee simple, and defendant by virtue of an alleged resulting trust in its favor. The verdict and judgment were for defendant, and plaintiff in this appeal specifies five alleged errors, which do not question the trial judge's rulings on the admission or rejection of evidence, but challenge the following conclusions only: (1) that the evidence, if believed by the jury, was sufficient to establish a resulting trust in favor of defendant; and (2) that plaintiff, who

is an employee of Scott, was not a bona fide purchaser from him, but was simply holding the legal title for him.

Scott, while a member of an unincorporated religious association and a deacon, trustee and financial agent of it, purchased the property in dispute, and caused to be erected a church on it, from plans approved by defendant's officials, in order that he and the other members of the congregation might worship in it. At the trial, the dispute regarding this purchase and construction was whether, as plaintiff alleged, Scott did these things under an agreement that he would underwrite the transaction, saying to the congregation that it might thereafter get the title by repaying the amount spent by him; or, as defendant alleged, Scott agreed, before the purchase of the land, that he would buy it and erect the building with money loaned by him to the congregation,—he, as its financial agent, expending it for the purposes stated —and would hold the property for them until they paid him $8,000, with interest beginning two years thereafter, the balance of the cost, whatever it might be, to be contributed by him as one of the church members. It further appeared by defendant's evidence (which must be accepted as true, when considering whether or not plaintiff was entitled to binding instructions (Fluke v. Lang, 283 Pa. 54; Kohn v. Burke, 294 Pa. 282), that, when municipal improvements were required, Scott said the property was defendant's and not his, and it had to pay them; that defendant did so and paid also for the repairs to and improvements of the property; that, with Scott's knowledge and approval, the property was exempted from taxation because it belonged to the church; that when the two years were about expiring, Scott called the attention of the board of trustees to the fact that interest on the $8,000 would begin to run from June 1, 1924, and asked that it be paid to him each six months thereafter. This was agreed to, and it was further agreed that, if the church continued to pay the interest at the rate of six per centum per annum, Scott would

hold the property for it, and, after its incorporation, it was to take title and give him a mortgage for the $8,000. He admitted this arrangement except as to the mortgage; he said he wanted the $8,000 in money. In accordance with this agreement the treasurer of the congregation gave to him, on three several occasions, and he accepted and used, three checks: One for $240, which specified on its face that it was for "6 months int. Wharton Avenue Baptist Church"; one for $240, which specified on its face "Wharton Avenue Baptist Church"; and one for $480, which specified on its face "interest on Wharton Avenue Baptist Church to June 1, 1926." Subsequently, Scott got into a dispute with the pastor and some of the congregation, resulting in a statement by him, when the trustees, after incorporation, sought to arrange with him for the payment of the $8,000, that he would not transfer the property to the church at any price. Later he conveyed it to plaintiff, who had long been and still is one of his employees, who said he raised such money as he alleged was paid, by borrowing it from friends of his, who were unnamed and unknown, and were not called to corroborate him; that he had a written agreement of purchase with Scott, which he did not produce; that he knew there was some arrangement between Scott and defendant regarding the property, but not its exact terms, nor did he make any inquiry on the subject, though he knew defendant was in possession under that arrangement; that he took out no searches, and did not attempt to ascertain whether or not there were any taxes, liens or claims against the property, but accepted a deed, stating the purchase price as $1 only, without referring to any other consideration. This is the title under which he now claims.

As to the first point being considered, the trial judge (upon ample evidence to justify the submission), charged the jury as follows: "The law says the evidence to establish a trust must be clear and precise and indubitable, and you should be fully convinced that the trust

alleged by the defendant actually existed, and that the actual loan claimed by the defendant was made by Mr. Scott to this church, and afterwards on account of that loan, or loan agreement, this money was advanced." The verdict of the jury decided, therefore, that the evidence as to the trust was clear, precise and indubitable, and, this being approved by the trial judge, who was the chancellor in the case, the fact of the trust was conclusively established, though plaintiff, by his oral evidence, attempted to contradict it in part: Hess v. Calender, 120 Pa. 138; Ott v. Oyer's Exrx., 106 Pa. 6, 17; Boyertown Nat. Bank v. Hartman, 147 Pa. 558; Burt v. Burt, 221 Pa. 171. That oral evidence being disbelieved by the jury and the chancellor, thereafter had no probative effect so far as this case is concerned.

That an enforceable resulting trust necessarily followed the finding stated, is no longer an open question. In Gates v. Keichline, 282 Pa. 584, 592, we said: "While the law contemplates payment of the purchase money by the beneficiary at the time of the creation of the trust, yet the funds may be advanced by another on his account (Kauffman v. Kauffman, 266 Pa. 270, 276), and this other may be the trustee himself where, as in the present case, the payment is made under an arrangement which contemplates the refunding of the amount advanced, in a subsequent accounting between the trustee and his cestui que trust; particularly is this true if, as here, the person in whose name title is taken acts at the time as [financial] agent for the claimant: Cook v. Cook, 69 Pa. 443, 447-8; Schrager v. Cool, 221 Pa. 622, 625. There are cases in which the trustee agreed at the time of acquiring title that the one for whom he was to hold should refund the purchase money to him in installments, and the trust was sustained: Gilchrist v. Brown, 165 Pa. 275, 283; Kauffman v. Kauffman, 266 Pa. 274, 275, 276." See also Kern v. Smith, 290 Pa. 566.

Plaintiff alleges, however, that he is protected by section 1 of the Act of June 4, 1901, P. L. 425, which pro-

vides "that, whenever hereafter a resulting trust shall arise with respect to real property, by reason of the payment of the purchase money by one person, and the taking or making of the legal title in the name of another, if the person advancing the purchase money has capacity to contract, such resulting trusts shall be void and of none effect as to bona fide judgment or other creditors, or mortgagees of the holder of the legal title, or purchasers from such holder without notice, unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of the legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action of ejectment has been begun, in the proper county, by the person advancing the money, against the holder of the legal title."

This statute does not help plaintiff. Neither by his pleadings, nor in the evidence, is it anywhere suggested that he has any right if Scott had not. On the contrary, when asked if he did not buy subject to defendant's occupancy, he replied: "Yes, surely. Let me say here, the same law that was protecting Mr. Scott, has protected me as a buyer." Despite this, and apparently without any suggestion from plaintiff, the trial judge charged the jury as follows: "So far as the plaintiff in this case, Mr. Lukens, is concerned, if he bought this church bona fide of Mr. Scott, then, even if there were a trust, he would be entitled to recover, because the law requires, in cases of resulting trusts, that a declaration of trust by the trustee must be made and recorded in the recorder's office, or the cestui que trust must bring an action of ejectment, so that a bona fide purchaser may know that there is a trust. You will recall all the testimony in regard to the purchase of this church by Mr. Lukens; and ......decide from all this testimony whether Mr. Lukens is a bona fide purchaser of that property, or whether he is simply acting for the benefit of the grantor in the deed, Mr. Scott." There was ample evidence, too elaborate to be further detailed, to justify the submis-

sion of this question to the jury. Indeed, Scott's intemperate answers and plaintiff's evasions, when taken with the other evidence, impress us with the belief, as they must have more strongly impressed the trial judge and jury who heard and saw those witnesses, that the deed from Scott to plaintiff was a means adopted by the former, with the aid of the latter, to get even with the pastor and congregation, with whom he was once so closely affiliated, but from whom he had now become violently estranged. The jury's verdict, therefore, settles this question also; and hence it is conclusively established: (1) that there was, as between Scott and defendant, an enforceable trust; and (2) that plaintiff was not a bona fide purchaser from Scott, but is "simply acting for the benefit of......Scott," and thus the only points made by appellant are decided against him.

What has been said disposes of all the assignments of error, and leaves open only the form of judgment which should be entered. Clearly, under the facts found by the jury, their verdict should have been a conditional one. It is probably appellant's fault that it was not, since he did not ask for it, and hence, in strict law, he cannot be heard to complain of a failure to obtain it. We will not punish him for this mistake, however. Defendant's title is an equitable one, and, as we have often said, whether the action or defense is equitable, "the same rule and measure of justice are to be applied, whether the proceeding be at law or in equity": Sower v. Weaver, 78 Pa. 443; Elbert v. O'Neil, 102 Pa. 302; Curry v. Curry, 114 Pa. 367; Hess v. Calender, 120 Pa. 138; Wylie v. Mansley, 132 Pa. 65; Gilchrist v. Brown, 165 Pa. 275. Scott, though a trustee for defendant, had a right to hold the property until he was paid the amount agreed upon, viz. $8,000, upon which interest is now due from June 1, 1926. Plaintiff, when he purchased Scott's title, succeeded to his right in this respect. If plaintiff does not obtain it in this action, he loses the security of the property, for a second ejectment never was per-

mitted in these equitable proceedings (Winpenny v. Winpenny, 92 Pa. 440; Budd v. Finley, 151 Pa. 540), and is now no longer allowable even in those that are strictly legal: Act of May 8, 1901, P. L. 142. Fortunately we are permitted by section 2 of the Act of May 20, 1891, P. L. 101, to "enter such judgment, order or decree in the case as [we] may deem proper and just, without returning the record for amendment or modification to the court below": see Summers v. Kramer, 271 Pa. 189, 197-9; Hanover Township School Directors, 290 Pa. 95, 105-6. We therefore, enter the following judgment:

The judgment of the court below is reversed and judgment is entered for plaintiff, to be vacated if defendant shall, within three months after the return of the record to that court, pay to plaintiff the sum of $8,000 with interest at the rate of six per centum per annum from June 1, 1926, to the date of payment, plaintiff, at the same time, by a deed duly executed and acknowledged, to quitclaim to defendant all his apparent interest in said property, free and clear of all conveyances, liens and encumbrances affecting the property and arising during the time the legal title was in John Scott or in plaintiff, excepting taxes and municipal claims, and liens and encumbrances created by defendant. If plaintiff fails or refuses to quitclaim to defendant a clear title as above stated, defendant may pay that sum into the court below, which shall thereupon so distribute it as to give defendant such clear title, and shall also enjoin plaintiff and all persons claiming under or through him, from ever thereafter asserting any title to or interest in the property, and from interfering with defendant, and all persons claiming under and through it, in the full and undisturbed use and enjoyment of the property. If defendant ultimately defaults in making the payment, the property will be sold at public sale, under the order of the court, and the net proceeds distributed between plaintiff and defendant according to

their respective interests as above set forth. The court below has leave from time to time to make changes in this judgment whenever justice and equity may require. Costs of this appeal to be paid by appellant.