Oransky *v.* Stepanavich, Appellant.

Argued April 21, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*A. D. Knittle,* with him *G. H. Gerber,* for appellant.— The court erred in holding that judgment note had to be from vendor to vendee: Ins. Co. v. Ellis, 192 Pa. 321; Jeanes v. Hizer, 186 Pa. 523; Albright v. Lafayette B. Assn., 102 Pa. 411.

The court erred in holding that it was not a purchase-money judgment because Peter Stepanavich signed the

judgment note as surety: Nelson v. Bonnhorst, 29 Pa. 352.

The purchase-money character of the note was not lost by renewals: Bank of Commerce App., 44 Pa. 423; Overholt v. Bank, 82 Pa. 490.

Where an infant executes a purchase-money mortgage to secure the purchase money for land conveyed to him by deed, he cannot, after he comes of age, affirm the deed, and at the same time disaffirm the mortgage: Kennedy v. Baker, 159 Pa. 146; Brunner v. Ringe, 57 Pa. Superior Ct. 237.

*Bernard J. Duffy,* for appellee.—Defendant could not do what the bank could not do, and his rights were of no higher standing than that of the bank: Milano v. Title & Trust Co., 96 Pa. Superior Ct. 310.

As to the right of a minor to repudiate a contract we cite the following authorities: Kay v. Haupt, 10 Sch. L. R. 98; Penrose v. Curren, 3 Rawle 352; Ruchizky v. De-Haven, 97 Pa. 202; Spangler v. Haupt, 53 Pa. Superior Ct. 545.

As to estates by entireties, and the interest of the parties therein and how same can be divested, we cite the following authorities: Comito's Est., 13 Pa. D. & C. 304; Beihl v. Martin, 236 Pa. 519; McCurdy v. Canning, 64 Pa. 39; Bramberry's Est., 156 Pa. 628; Gasner v. Pierce, 286 Pa. 529; Hetzel v. Lincoln, 216 Pa. 60; Meyer's Est., 232 Pa. 89; Roan v. Bingaman, 12 Pa. D. & C. 673; O'Malley v. O'Malley, 272 Pa. 528.

OPINION BY MR. JUSTICE SIMPSON, May 1, 1931:

Defendant appeals from the judgment entered on an instructed verdict for plaintiffs in an action of ejectment. The judgment must be reversed.

The plaintiffs, who are husband and wife, desired to buy from defendant a property he owned in Coaldale, Pennsylvania, to be used by them as a home, but the husband had only $600 and the wife nothing, and the

purchase price thereof was $6,100 cash. Neither on their personal credit, nor on it and the property, could they raise that sum, so defendant, the owner, went with them to the First National Bank of Coaldale, to see what arrangement could be made to obtain the additional $5,500. The bank was willing to make the loan upon a judgment note secured on the property, provided defendant would join with them in the obligation. He agreed to do so, and the three signed a judgment note for $5,500 in favor of the bank, the husband paid his $600 to defendant, the bank handed him the $5,500, the judgment note was delivered to the bank, the deed from defendant and his wife was executed in favor of and delivered to plaintiffs, and they thus became tenants by the entireties of the property. The transaction was an entire one, in no essential respect different from what it would have been had the purchase-money note been made by plaintiffs to defendant, and by him assigned to the bank as collateral security for its loan to plaintiffs: Cohen's App., 10 W. N. C. 544, 547; Campbell & Pharo's App., 36 Pa. 247, and Jeanes v. Hizer, 186 Pa. 523.

Payments were made on the note from time to time, and it was renewed in several different forms, but always plaintiffs and the property remained primarily liable for the debt, and defendant was only a surety. Subsequently the two plaintiffs separated and ceased making payments on the note, whereupon the bank issued execution against the property. The female plaintiff thereupon filed a petition alleging that she was an infant when she executed the note, and prayed that the judgment be opened and she be let into a defense. Answers were filed, which did not dispute the fact of her minority at the time of the purchase, and, as she had in the meantime arrived at full age, the court below made an order requiring her to "file of record in this case a paper within five days affirming or disaffirming her obligation on the note upon which the judgment in this case

was entered. Failing so to do, the present rule shall ipso facto become discharged, but, if she files such a paper within five days and therein disaffirms her contract, her name shall be immediately stricken from the record as a defendant and the rule shall become discharged." This order said to her in effect: If you file a paper saying you meant what you said in your petition to open the judgment, we will then do even more than you have asked, no matter who is hurt thereby. Of course she filed the required paper. The order which should have been made, was one granting a perpetual stay of execution on the judgment, so far as she was concerned, except as against the property purchased through the proceeds of the loan. Possibly this would have been the form of the order had the court been requested to so enter it. No appeal was taken from the one which was made, however, and we must, therefore, consider it as proper. Fortunately, although it produced all the later difficulties to be ironed out on this appeal, it does not affect our final conclusion in the case.

The bank, being naturally desirous to keep out of litigation as much as possible, then called upon defendant to pay it in full, as he had guaranteed he would. He did so, and took an assignment of the judgment, thus putting the matter in exactly the shape it would have been in at the beginning, had plaintiffs and defendant been the only ones in any way connected with it. Subsequently defendant levied on and sold the property at sheriff's sale and became the purchaser thereof. Having in some way come into possession of it, and finding that the female plaintiff disputed his title thereto, he took a rule upon plaintiffs, as provided by the Act of March 8, 1889, P. L. 10, as amended by the Act of May 25, 1893, P. L. 131, and further amended (without reference to the earlier amendment) by the Act of April 16, 1903, P. L. 212, to bring their action of ejectment within six months or be debarred. Within that time the present suit was brought.

At the trial, binding instructions were given for plaintiffs, and this decision was sustained by the court in banc, in overruling defendant's motion for judgment non obstante veredicto. The trial judge held that the title acquired by a sheriff's sale on a judgment against the husband alone, would not affect the wife's right of possession as a tenant by the entirety, so long as both tenants were alive, as, at least presumptively, they then were. This decision is correct (Gasner v. Pierce, 286 Pa. 529), but it also is not conclusive here. The court in banc held that if the purchase price had been secured by a mortgage, issued contemporaneously with the deed to plaintiffs, they could not retain the property and deny liability for the purchase price, because "the two are but one transaction"; but where, as here, there are three parties to it, the third being the lender of the money which was needed to pay the purchase price, this rule does not apply, and hence a minor can retain the property and repudiate her obligation given for its purchase. Under the facts of this case, we cannot sustain that conclusion.

It is doubtless true that, if the purchase money is borrowed from a third party who has no other connection with the matter, he acquires no higher or greater right against a property purchased with the borrowed money than has any other creditor. It is otherwise however where, as here, there is "but one transaction," whether the loan was secured by a purchase-money mortgage, or by a judgment note. This is no longer an open question. Nottes's App., 45 Pa. 361, relied on by the court below, is not antagonistic. There we said, at page 362: "Liens for purchase money may be mortgage, judgment, or by executory articles of bargain and sale; but they are always created in favor of vendors, and exist for their protection and benefit, or that of their assignees, or other legal representatives." True, in that case we held that Hoover, whose money had paid part of the purchase price, was not entitled to be protected for that

reason alone, because (page 364) "there was no communication between the vendor and Hoover for a security for purchase money. ...... Between the vendors and him no treaty whatever occurred." As pointing out the distinction between that situation and one like the present, we there referred to an unreported case of Stone v. Rattew, and said (page 364) that in it "The transaction was such as to relieve this point of all doubt. Shaffer was the vendor of Stone, and Stone was vendor of Rattew, and it is of no consequence that the deed was made directly from Shaffer to Rattew, since it was so made by the common consent of all parties, for their mutual convenience, and became the consideration for Rattew's judgment as effectually as if it had been a formal conveyance by Stone to him." In Albright v. Lafayette Building & Savings Assn., 102 Pa. 411, 417, we said all that is required, if the security is not taken in the name of the vendor, is that it be taken "in the name of another by the act or deed of the vendor." To the same effect is Jeanes v. Hitzer, supra. Finally, on this point, in Com. Title Ins. & Trust Co. v. Ellis, 192 Pa. 321, 327, we said: "The delivery of the deed to the mortgagor and of the mortgage to the mortgagee were concurrent and simultaneous acts, and the money for which the mortgage was given was in actual fact a part of the purchase money paid for the property, at the very time of the delivery of the deed. In both of the cases, Cohen's App., 10 W. N. C. 544, and Albright v. The Assn., 102 Pa. 411, this court held that it was not necessary that the lien should disclose on its face that it is for purchase money if in point of fact, whether it be a mortgage or judgment, it was given for purchase money."

It is clear, therefore, that the present judgment was a purchase-money obligation, firmly fastened upon the title of the vendees, and this leaves open but three other questions: 1. What was the effect of striking off the judgment against the wife, instead of limiting its lien as

should have been done? 2. Does the fact that the judgment was not entered of record until several years after the deed to plaintiff was delivered and recorded, in any way affect the transaction? and, 3. Does the fact that the sale was made on a judgment entered on a renewal note, and not on one given at the time of the conveyance, affect the title acquired under it?

As to the first of these points, it must be remembered that the minor, on reaching majority, had the right to affirm or disaffirm the transaction in its entirety, but did not have the right to affirm one part and disaffirm the other. In the present case, she deliberately determined to disaffirm the contract, so far as it was expressed in the note, and this action ended her title as tenant by the entirety, since no other part of the consideration was paid by her. In Kennedy v. Baker, 159 Pa. 146, we decided, as expressed in the syllabus: "Where an infant executes a purchase-money mortgage to secure the purchase money for land conveyed to him by deed, he cannot after he comes of age affirm the deed and at the same time disaffirm the mortgage." As we have already pointed out, there is no distinction in these matters between a purchase-money mortgage and a purchase-money judgment. Hence, as the wife in this case, when she became of age, elected to disaffirm her liability on the purchase-money judgment, by that act she also disaffirmed, as between herself and the owner of that judgment, any and all title to the property, and all that remained was a title in her husband, who had himself paid all the purchase money except the amount received on the judgment note; and who, by her act, became alone liable on the judgment. Perhaps it can be said also that,—as he, by her repudiation of all liability on the judgment, became the one who alone paid the purchase price,—a resulting trust arose in his favor as the sole owner of the property: Galbraith v. Galbraith, 290 Pa. 225; Lukens v. Wharton Avenue Baptist Church, 296 Pa. 1.

As between plaintiffs and defendant, the fact that the judgment was not entered of record until several years after the deed to plaintiffs was recorded, is also a matter of no moment. If there had been rights of other creditors or purchasers to be considered, another and possibly a serious question would have arisen.

Nor does the fact that the sale was had on the judgment entered on a renewal note, compel us to answer the third of the above questions against defendant, there being no claims of other creditors or purchasers. The renewals but continued the status which began when the first note was given, and did not create a new status; so long as the notes "are securities for the same debt," the rights of the parties remain unchanged: Appeal of the Bank of Commerce, 44 Pa. 423, 430.

The judgment of the court below is reversed and judgment is here entered for defendant non obstante veredicto.