Funk et ux. *v.* Wharen et ux., Appellants.

Argued March 7, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Chas. F. Wharen,* for appellants.

No appearance and no paper book for appellee.

OPINION BY KELLER, J., April 17, 1933:

The plaintiffs, Andrew E. Funk and Adelaide Funk, his wife, made a written contract with the defendants, Clifford E. Wharen and Louise M. Wharen, his wife, by which they agreed to sell the defendants certain real estate in the Borough of White Haven, for a stated consideration, payable in instalments, and when the full purchase price was paid, to convey the real estate to the defendants. The contract contained a warrant

of attorney authorizing the confession of judgment in an amicable action of ejectment against the defendants in the event of their failure to pay the instalments of purchase money as they fell due. The defendants took possession of the real estate under the contract of sale.

Averring a default in the payment of said instalments, the plaintiffs on July 6, 1931 brought an action of ejectment against the defendants for the said real estate and by virtue of the warrant of attorney contained in the agreement had judgment confessed by an attorney on behalf of defendants for the premises described in the writ, and issued a writ of habere facias as authorized by the agreement, and under it the sheriff of Luzerne County placed the plaintiffs in possession of the real estate.

Within a few days thereafter a petition was presented to the court of common pleas of Luzerne County on behalf of Louise M. Wharen, one of the defendants, by W. C. Kocher, describing himself as guardian ad litem of Louise M. Wharen, averring that at the time of her signing said warrant and at the time of presenting said petition, she was a minor, and asking that a rule be granted on the plaintiffs to show cause why an issue should not be granted to determine the fact of infancy, and that the judgment be opened and the proceedings stayed; on which the court granted a rule as prayed for. Sixteen days later the said W. C. Kocher, describing himself as guardian ad litem of Louise M. Wharen, through his attorney, Charles F. Wharen, presented a petition to the said court setting forth that "negotiations are now pending that will require a guardian of the estate of the said Louise M. Wharen for the settlement of the matters involved in this action"; and praying that he be allowed to withdraw the petition theretofore presented,

and that the rule granted thereon be vacated; which was done.

On August 7, 1931 George R. Wharen was appointed guardian of Louise M. Wharen by the orphans' court of Luzerne County, and on October 8, 1931, on petition of the said guardian, that court made an order directing the guardian to disaffirm the said contract of sale, on behalf of his ward, Louise M. Wharen.

On March 2, 1932, the last named guardian, by the same attorney, Charles F. Wharen, presented a petition to the court of common pleas praying for a rule on the plaintiffs to show cause why the judgment in ejectment should not be struck off the record, on the ground that she was a minor at the time of executing the warrant of attorney. A rule was granted, which the court subsequently discharged. The guardian appealed.

The appellant relies on the case of Knox v. Flack, 22 Pa. 337, where it was held that a judgment for $1200 entered on a bond, containing a warrant of attorney to confess judgment, was void because the defendant was a minor when he signed it.

The difficulty in this case is that after the judgment in ejectment was entered and the writ of habere facias was executed, and after the proceeding by her 'guardian ad litem' to open the judgment had been withdrawn, the duly appointed guardian of the said Louise M. Wharen, by authority of the orphans' court which appointed him, disaffirmed the contract of sale under which his ward and her husband had entered on the real estate in question as tenants by entireties. Having done so his ward had no possible right to the possession of the land in question, which it was stated, without denial, at the oral argument, had in the meantime been conveyed by these plaintiffs to a third person. She has no legal ground for asking that the contract which was solemnly disaffirmed for her, shall be

revived on her behalf to the extent of replacing her in possession of real estate, as to which all right of possession has been disavowed for her. By such disaffirmance, her rights are limited to an action for the recovery of the moneys, if any, paid or expended by her under the contract which was afterwards disaffirmed.

The appeal is dismissed, without prejudice to the enforcement of her rights as abovementioned.