## Hedglin v. Crook

*J. W. Bour*, for plaintiff.

*W. L. Schanz*, for defendant.

Lewis, J., June 24, 1936.—Judgment was entered on a note containing a warrant of attorney to the above number and term. Defendant is a minor and at the time of the execution of the note containing the warrant of attorney to confess judgment was about 18 years of age, having been born on December 26, 1917. Plaintiff in the judgment admits the age of the minor. In fact plaintiff, who is her father, testified affirmatively to her infancy. Plaintiff resists the present motion on the ground that the consideration for the note was a purchase-money judgment for land conveyed by plaintiff to defendant, and cites as his authority the case of Oransky v. Stepanavich, 304 Pa. 84. Upon reading the depositions filed in behalf of both plaintiff and defendant, we find that plaintiff conveyed the property to the defendant on November 9, 1934. The note in the present case was executed on May 20, 1935, long after the conveyance of the property by the father to his daughter. Therefore the case cited by plaintiff is not in point. The Supreme Court in the aforesaid case said, at page 90:

"The delivery of the deed to the mortgagor and of the mortgage to the mortgagee were concurrent and simultaneous acts, and the money for which the mortgage was given was in actual fact a part of the purchase money paid for the property, at the very time of the delivery of the deed".

In the instant case the depositions clearly disclose that the deed given by the father to his daughter was a gift. We therefore are disposed to hold that the confession of judgment by the minor is void.

As to the remedy in this case, whether the relief should be by an order to open judgment or to strike off, we have examined this question very carefully and find upon re-

search that the better opinion is that the rule to strike off is the best practice. The reason is well stated in the case of Lutes v. Thompson, 5 Pa. C. C. 451:

"A confession of judgment is necessarily prejudicial to a minor in making defence against his contract, for the reason that in order to be allowed to make his defence of infancy, at the time of entering into the contract, he is obliged to apply to the court to permit him to make his defence, and for that purpose to open the judgment. This application, being addressed to the discretion of the court, may be refused. If the confession were to be held voidable only, and not void, he would be bound by an act done at a time when he had no legal capacity to perform it.

"But it is claimed that by retaining the property purchased, after he became of age, the defendant ratified the whole of the contract, including the confession of judgment. To the argument on this position there is a complete answer: If the power to enter judgment was *void*, it was incapable of ratification. That it is void is in accordance with the doctrine of every court, English and American, to which a similar question has been presented

"Whether the reasons for the rule are satisfactory or not, the rule itself is established by a conclusive weight of authority: 1 Am. L. Cas. 106, in note."

Plaintiff in his brief asked this court, should an order be made striking off the judgment, to make an ancillary order as follows: (1) To enjoin defendant from conveying, mortgaging or otherwise encumbering the real estate conveyed to her by plaintiff; (2) to strike off the deed; (3) to order defendant to reconvey the real estate to plaintiff; (4) to provide other and further relief.

We regret that we are unable to grant the relief sought for the reason that a rule to strike off a judgment is a common-law proceeding and does not contemplate any such relief. However, courts of equity are always open to a litigant.

Now, therefore, June 24, 1936, rule to strike off the judgment is made absolute.