## Wharen et ux. *v.* Funk et ux.

Argued March 2, 1943. Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

*Chas. F. Wharen,* for appellants.

*G. John Bruger,* for appellees.

Opinion by Rhodes, J., April 13, 1943:

The same parties were involved in *Funk et ux. v. Wharen et al.,* 108 Pa. Superior Ct. 556, 165 A. 513.

In July, 1929, plaintiffs, Clifford B. Wharen and Louise M. Wharen, his wife, entered into a written contract with defendants whereby the latter agreed to sell, and the former agreed to buy, certain real estate for a stated consideration which was payable in installments. Wife plaintiff was then a minor. Plaintiffs took possession under the contract; conveyance was to be made to them as tenants by the entireties upon payment of the full purchase price. In July, 1931, after default, the property was repossessed by defendants. We previously stated in *Funk et ux. v. Wharen et al.*, supra, 108 Pa. Superior Ct. 556, 558, 559, 165 A. 513, 514: "Averring a default in the payment of said installments, the [defendants] on July 6, 1931, brought an action of ejectment against the [plaintiffs] for the said real estate and by virtue of the warrant of attorney contained in the agreement had judgment confessed by an attorney on behalf of [plaintiffs] for the premises described in the writ, and issued a writ of habere facias as authorized by the agreement, and under it the sheriff of Luzerne County placed the [defendants] in possession of the real estate. ...... After the judgment in ejectment was entered and the writ of habere facias was executed, ...... the duly appointed guardian of the said Louise M. Wharen, by authority of the orphans' court which appointed him, disaffirmed the contract of sale under which his ward and her husband had entered on the real estate in question as tenants by entireties." On reaching her majority, wife plaintiff, in November, 1933, served written notice on defendants that she disaffirmed the contract, and demanded the "return of the consideration paid ...... for the land." Defendants refused to comply, whereupon plaintiffs instituted this action in assumpsit for return of moneys paid by them to defendants under the written contract for the purchase of the land. This alleged right is based on wife plaintiff's disability of infancy at the

time the parties entered into the agreement of sale. There was no proof of any amount paid or expended by her. At the close of plaintiffs' case, defendants' motion for compulsory nonsuit was granted; rule to show cause why the judgment of nonsuit should not be taken off was discharged. Plaintiffs have appealed.

We recognize that a married woman under lawful age is generally subject to the disabilities of infancy, that she may repudiate her contract on reaching her majority, and that she may relinquish the property and reclaim her money. 6 Thompson on Real Property, Perm. Ed., §§ 2942, 2962, pp. 12, 38. But the mere fact that the disability of infancy is asserted during coverture does not give it any greater force than it would have had separately. *Logan v. Gardner et al.,* 136 Pa. 588, 599, 20 A. 625; *Brunner v. Ringe,* 57 Pa. Superior Ct. 237, 240, 241; 6 Thompson on Real Property, Perm. Ed., §2944, p. 16; 26 Am. Jur. §23, p. 650.

We said in *Funk et ux. v. Wharen et al.,* supra, 108 Pa. Superior Ct. 556, at page 560, 165 A. 513, at page 514, that wife plaintiff's "rights are limited to an action for the recovery of the moneys, if any, paid or expended by her under the contract which was afterwards disaffirmed." In the absence of proof of any amount paid or expended by her, the judgment of nonsuit was properly entered by the court below.

There is no foundation for the contention that disaffirmance by wife plaintiff when she attained her majority entirely destroyed the contract, that the legal status of the parties was then the same as if no contract had been entered into, and that therefore defendants had no right to retain any of the consideration received by them. The argument in support thereof fails to recognize the purpose of or the reason for the rule that infants may avoid their contracts on reaching majority. The right to disaffirm is given to infants for their own protection. See 1 Ladner's Real Estate

Conveyancing, §32, p. 45; 9 Thompson on Real Property, Perm. Ed., § 4736, p. 107. "Infants may avoid their contracts because it is the policy of the law to protect them against their own mistakes, even though this may sometimes result in hardship to others": *Prudential Insurance Co. of America v. Ordonoff,* 122 Pa. Superior Ct. 485, at page 489, 186 A. 391, at page 393. The right will not be extended beyond the required limits. The object is obtained by the avoidance of the contract as to the infant and the return of the consideration paid or the amount expended under the contract by such infant. The right is not given to be exercised for the advantage of others—in the instant case the husband. He was capable of binding himself by his contract which provided that upon default all moneys paid to defendants were to be considered as liquidated damages or rent for use and possession of the premises. Whatever right may inhere in wife plaintiff because of her minority at the time of the execution of the contract is separate and distinguishable from the rights of the other party to the contract; and the assertion of such right by the former is not ipso facto communicated to the latter even if he was the husband of the minor. The answer to plaintiffs' argument is that the exercise of such right by wife plaintiff does not affect the liability or contractual obligations of her husband as a party to the same contract.

The effect of disaffirmance has no such implications as plaintiffs seek. If a joint debtor is an infant, his infancy may be pleaded successfully by him, and yet judgment may be rendered against the other joint debtors. 2 Williston on Contracts, Rev. Ed., § 329, p. 957. In *Elm City Lumber Co. v. Haupt,* 50 Pa. Superior Ct. 489, we held that, although an infant partner may disclaim personal liability, a firm creditor could obtain a judgment which would bind the property of the firm and the partners who were of full age;

and that, as against the minor, he was entitled to a judgment limited to the property of the firm and not binding upon the minor individually. See, also, *Smith v. Eisenlord,* 2 Phila. 353. In *Oransky et ux. v. Stepanavich,* 304 Pa. 84, 155 A. 290, 77 A.L.R. 983, title to real estate was held by tenants by the entireties. The wife was a minor at the time of purchase, and contributed nothing thereto except the money received on a purchase-money obligation executed by her and her husband. On reaching her majority, the wife elected not to be bound by that obligation, and she had the judgment stricken from the record. It was held that, as between the wife and the owner of the obligation, she repudiated all interest in the property, and an execution sale of it on a judgment entered on that obligation was valid and passed a full and complete title to the purchaser, even though, because of her action, her husband was the only defendant named in the writ. Our Supreme Court there said (304 Pa. 84, at page 91, 155 A. 290, at page 292) : "Hence, as the wife in this case, when she became of age, elected to disaffirm her liability on the purchase-money judgment, by that act she also disaffirmed, as between herself and the owner of that judgment, any and all title to the property, and all that remained was a title in her husband, who had himself paid all the purchase money except the amount received on the judgment note; and who, by her act, became alone liable on the judgment. Perhaps it can be said also that,—as he, by her repudiation of all liability on the judgment, became the one who alone paid the purchase price,—a resulting trust arose in his favor as the sole owner of the property: Galbraith v. Galbraith, 190 Pa. 225 [42 A. 683] ; Lukens v. Wharton Avenue Baptist Church, 296 Pa. 1 [145 A. 587]."

Plaintiffs further contend, in effect, that the interest in the land held by them was an estate by the entireties; that the source of payment was immaterial; and that

therefore the consideration, whether the separate property of the husband or the wife, was held by the entireties when appropriated to the contract. We need not consider whether husband and wife could jointly recover or whether the wife could separately recover if the consideration paid had been held by the entireties, as the conclusion is a non sequitur which demands no discussion to demonstrate the fallacy.

The judgment of the court below is affirmed.